FILED
2015 Nov-13 PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARIO DERAMUS HARRIS, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| vs. ) | 1:15-CV-8016-LSC |
| ) | (1:09-CR-0263-LSC-JEO-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| RESPONDENT. ) | |
| ) | |

MEMORANDUM OF OPINION

### I. INTRODUCTION

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Mario Deramus Harris ("Harris") on July 27, 2015. (Doc. 1.) In this Court, Harris pled guilty to Armed Bank Robbery in violation of 18 U.S.C. § 2113(a), Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(c)(ii), and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Due to his past violent felonies and a serious drug offense, Harris was sentenced under provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He now moves the Court to

1

reconsider his sentencing in light of the recent Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015). Harris's § 2255 motion is due to be denied.

## II.   BACKGROUND

On October 24, 2006, Harris and an accomplice robbed a Wachovia Bank branch while brandishing firearms. Later that day, law enforcement apprehended Harris's accomplice which led to the arrest of Harris. Harris was indicted on three counts: Count One: Armed Bank Robbery, 18 U.S.C. § 2113(a); Count Two: Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii); and Count Three: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1).

Harris pled guilty to all three counts and was sentenced to a total of 150 months of federal imprisonment: 66 months as to Counts 1 and 3, separately, with each count to run concurrently with the other, and 84 months as to Count 2, with Count 2 to run consecutively to Counts 1 and 3. For Count Three, Felon in Possession of a Firearm, Harris was sentenced under the enhanced sentencing provision of the ACCA. Judgment was entered on March 4th, 2010. Harris did not appeal his conviction or sentence.

Prior to the bank robbery, Harris was no stranger to crime. In 1997, Harris was convicted of two separate counts of Assault in the First Degree in state court.

These convictions resulted from his shooting two people on different occasions. In addition, a little over a year after the assault convictions, Harris was convicted of Trafficking Cannabis in state court after police caught him with a suitcase containing over six pounds of marijuana.

## III. DISCUSSION

A prisoner in federal custody may bring a collateral challenge to his conviction or sentence by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). For a § 2255 motion to be timely, it must be brought within one year of the final judgment of conviction. *See id.* § 2255(f)(1). In addition, a petitioner may also bring a claim within one year of a Supreme Court decision that recognizes a new right that is applicable to the petitioner's case. *See id.* § 2255(f)(3). However, the newly recognized right must apply retroactively to cases on collateral review. *Id.*

Final judgment on Harris's conviction was in 2010; as such, Harris is outside the one year statute of limitations found in § 2255(f)(1). Nonetheless, Harris asserts that his motion is timely because it was filed within one year of a Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), which recognized a new right that is applicable to his case.

In *Johnson v. United States*, the Supreme Court held that a portion of the ACCA was unconstitutionally vague. *Id.* at 2563. The ACCA allows for enhanced sentencing for criminal defendants who have three or more prior convictions for serious drug offenses or violent felonies. In *Johnson*, one of the defendant's qualifying convictions was for the possession of a sawed-off shotgun that had a barrel shorter than allowed by law. *Id.* at 2556. In *Johnson*, the government claimed that this conviction was a violent felony because it fell under the residual clause of the ACCA's definition of violent felony. *Id.* The residual clause defines violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court found this language unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

The first question that must be addressed is whether *Johnson* created a new right at all. It is "often difficult to determine when a case announces a new rule." *Teague v. Lane*, 489 U.S. 288, 302 (1989). Generally, a new rule is created when it "breaks new ground or it imposes a new obligation on the States or the Federal Government." *Id.* Because *Johnson* ruled a portion of the ACCA unconstitutional, it broke "new ground" and recognized a new right that applies to the scope of the ACCA's enhanced sentencing. Harris was sentenced under the ACCA's enhanced sentencing. Therefore, *Johnson*'s holding is relevant to the law at issue in this

4

motion. However, that is not the end of the analysis. While it may be true that in *Johnson* the Supreme Court recognized a new right, that is not sufficient in itself; it must also apply retroactively on collateral review. *See* 28 U.S.C. § 2255(f)(3) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*.") (emphasis added).

The Eleventh Circuit has held that *Johnson* does not apply retroactively on collateral review. *In re Rivero*, 797 F.3d 986, 990 (11th Cir. 2015). Thus, Harris cannot rely on it pursuant to 28 U.S.C. § 2255(f)(3). Also, since one year has passed since his final judgment, his petition is time barred. It is true that § 2255(f) is a statute of limitation and not a jurisdictional bar, and as such is subject to equitable tolling. *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999). Equitable tolling applies when habeas corpus petitioners have not rested on their rights but were prevented from filing earlier by some extraordinary circumstance. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). However, Harris has not offered any explanation of an extraordinary circumstance that would justify equitable tolling in this case.

Even if Harris's motion was to be considered on its merits, it would still be due to be denied. Under the ACCA, defendants receive enhanced sentencing if they are convicted under 18 U.S.C. § 922(g) and have three prior convictions that are violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1). There is no question that Harris's Trafficking Cannabis conviction is a serious drug offense.[1] That leaves only Harris's two prior violent felonies for discussion. In *Johnson*, the Supreme Court addressed only the residual clause of the ACCA's definition of violent felonies. 135 S. Ct. at 2563 ("Today's decision does not call into question . . . the remainder of the [ACCA's] definition of violent felony."). Harris's two Assault in the First Degree convictions clearly fall under the ACCA's elements clause of the definition. *See* 18 U.S.C. § 924(e)(B)(i) (defining violent felony as one having "as an element the use, attempted use, or threatened used of physical force against the person of another."). Harris's assault convictions were the result of

---

[1] The ACCA defines "serious drug offense" as follows:

> (i) an offense under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C. § 924(e)(2)(A).

drive-by shootings in which Harris actually shot two people on different occasions three days apart from each other. In Harris's Presentence Investigative Report ("PSR"), each of these two convictions was treated as a "violent felony" for enhancement purposes under 18 U.S.C. § 924(e) because each had as an element the use, attempted use, or threatened use of physical force against the person of another (referring to the ACCA's "elements clause"), and because they otherwise involved conduct that presented a serious risk of potential injury to another (referring to the ACCA's "residual clause"). Harris did not object to his previous assault convictions being considered crimes of violence or violent felonies in the PSR. These convictions were for violating 13A-6-20, Ala. Code 1975, which defines "Assault in the First Degree" as follows:

> (a) A person commits the crime of assault in the first degree if:
>
> (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
>
> (2) With intent to disfigure another person seriously and permanently, or to destroy, amputate, or disable permanently a member or organ of the body of another person, he or she causes such an injury to any person; or
>
> (3) Under circumstances manifesting extreme indifference to the value of human life, he or she recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or

   (4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, or any other felony clearly dangerous to human life, or of immediate flight therefrom, he or she causes a serious physical injury to another person; or

   (5) While driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 or 32-5A-191.3, he or she causes serious physical injury to the person of another with a vehicle or vessel.

As such, these convictions meet the elements clause of the ACCA definition of violent felony. Therefore, Harris's reliance on *Johnson* is misplaced, because even if this Court excised the residual clause from the PSR, each of these convictions would still have qualified for § 924(e) treatment due to its falling under the elements clause of the ACCA.

  Finally, Harris was sentenced to 66 months for both Count One and Count Three with those sentences running concurrently. Even if the sentence for Count Three was vacated or reduced, the Sentence for Count One would remain unaffected.

## IV. CONCLUSION

  For the foregoing reasons, Harris's § 2255 motion is due to be denied.

  Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Harris's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in the defendant's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON NOVEMBER 13, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704